IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 SEP -8 A 10: 02

| | | |
|---|---|---|
| CAROLYN PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| vs. | ) | 2:06-CV-809-VPM |
| | ) | |
| DON TERRY ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.     This in an action at law pursuant to 42 U.S.C. § 2000e *et seq.*, to redress unlawful employment practices. The jurisdiction of this court is invoked under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), as this matter in controversy involves a federal question and is an action by Federal law to redress civil rights secured to the plaintiff.

2.     On April 12, 2006, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). The plaintiff filed his Charge of Discrimination within 180 days of the most recent discriminatory act. On June 26, 2006, the plaintiff received from the EEOC a Notice of Right to Sue. The plaintiff has filed his lawsuit within 90 days of the receipt of the Notice of Right to Sue and therefore has met all administrative prerequisites to the filing of this action.

## PARTIES

3.     The plaintiff, Carolyn Pruitt (hereinafter referred to as "Pruitt") is over the age of 21 years, and is a citizen of the United States and is a resident of the State of Alabama.

4.     The defendant, Don Terry Associates (hereinafter referred to as "DTA"), at all times pertinent to the allegations contained in this complaint was doing business in Montgomery County, Alabama. At all times relevant hereto, DTA was plaintiff's employer and DTA is an employer within the meaning of 42 U.S.C. § 2000e-9(b).

## FACTS

5.     On or about July 18, 2005 Pruitt was hired as a security officer; and, following her hiring, Pruitt worked as a security officer for.

6.     During the time that Pruitt was employed by DTA, Pruitt made complaints of unwelcomed sexual harassment. Pruitt complained that she was being subjected to unwelcomed and uninvited sexual harassment by Sam King who, at that time, was an

employee of DTA and was Pruitt's superior and/or managerial or supervisory co-employee.

7. DTA did not take reasonable and sufficient corrective action in response to Pruitt's complaints and the sexual harassment continued unabated.

8. Instead of taking necessary and reasonable corrective action in response to Pruitt's complaints, DTA ratified and condoned the unlawful acts and did so despite having actual and legal knowledge and notice of those unlawful and discriminatory acts; or, if DTA did take corrective action then such action was inadequate and did not end the unlawful acts or correct the adverse effects of the unlawful acts.

9. The unlawful acts complained in here were malicious and were perpetrated against Pruitt with a reckless indifference to Pruitt's protected civil rights.

10. Following Pruitt's complaints and notice to DTA as described hereinabove, DTA reduced Pruitt's working hours and did so as an unlawful retaliation in response to Pruitt's lawful complaint and notice of the sexual harassment complained of herein.

## COUNT I

11. Plaintiff realleges and readopts paragraphs 1 through 10 above as if fully set forth herein.

12. The plaintiff was subjected to unlawful discrimination and harassment in violation of 42 U.S.C. § 2000(e) *et seq.*, in that plaintiff was subjected to an unwelcomed and uninvited sexual harassment and when plaintiff brought this to the attention of her supervisors with DTA nothing was done to remedy the situation; or, if steps were taken in an attempt to remedy the situation, then such steps were inadequate; and, DTA unlawfully retaliated against plaintiff for the presentation of this claim and notice of sexual harassment by reducing her working hours.

13. As a direct and proximate result of the defendants' discriminatory and harassing actions, the plaintiff has been deprived of economic and non-economic benefits, including, but not limited to lost wages, mental anguish, humiliation, embarrassment and loss of training and job education.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays that this Honorable Court will grant the following relief:

(i) Declare the defendant conduct to constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*;

(ii) Order the defendant to pay compensatory and punitive damages to the plaintiff in an amount exceeding $50,000.00; said amount to be determined by a jury in open court;

(iii) Order the defendant to pay plaintiff's attorney's fees and costs relative to this action pursuant to U.S.C. § 2000 e-5(k) and other lawful authority;

(iv)   Order the defendant to pay to the plaintiff all the pay and benefits he has lost as a result of the discriminatory and unlawful acts complained of herein;

(v)   Order the defendant to cease and desist from the discriminatory and unlawful acts complained of herein;

(vi)   Order and award such other and further relief to which plaintiff is entitled and which this Honorable Court deems just and proper.

## COUNT II

14.   Plaintiff adopts and realleges paragraphs 1 though 13 above as if fully set forth herein.

15.   Pruitt was subjected to a hostile environment and sexually charged environment in violation of 42 U.S.C. § 2000(e), *et seq.*, in that the defendant had actual and legal knowledge and notice that unlawful and discriminatory and sexually harassing practices were being perpetrated towards Pruitt in the workplace, yet the defendants failed to prevent or stop the unlawful and discriminatory practices.

16.   Pruitt was subjected to sexual harassment in the workplace so severe and pervasive as to alter the terms and conditions of Pruitt's employment and to create an abusive and hostile working environment.

17.   As a direct and proximate result of the sexual harassment and the sexually charged workplace and the hostile working environment as described above, Pruitt has been deprived of economic and non-economic benefits, including but not limited to lost wages, emotional distress, mental anguish, humiliation, embarrassment and loss of training and job education.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays that this Honorable Court will grant the following relief:

(i)   Declare the defendant conduct to constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*;

(ii)   Order the defendant to pay compensatory and punitive damages to the plaintiff in an amount exceeding $50,000.00; said amount to be determined by a jury in open court;

(iii)   Order the defendant to pay plaintiff's attorney's fees and costs relative to this action pursuant to 42 U.S.C. § 2000e-5 (k) and other lawful authority;

(iv)   Order the defendant to pay to the plaintiff all the pay and benefits he has lost as a result of the discriminatory and unlawful acts complained of herein;

(v)   Order the defendant to cease and desist from the discriminatory and unlawful acts complained of herein;

(vi)    Order and award such other and further relief to which plaintiff is entitled and which this Honorable Court deems just and proper.

                                                                                  _____
                                                                                  JAMES V. GREEN, JR. (GRE019)
                                                                                  Attorney for Plaintiff

OF COUNSEL:
James V. Green, Jr., P.C.
P. O. Box 878
Alabaster, Alabama 35007
(205) 621-0301

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CASE.**

                                                                                  _____
                                                                                  JAMES V. GREEN, JR.
                                                                                  Attorney for Plaintiff

Plaintiff's Address:
Carolyn Pruitt
548 Mimosa Avenue
Union Springs, Alabama  36089

Please serve defendants as follows:
Don Terry Associates
1001 South Hull Street
Montgomery, Alabama  36104