IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN PRUITT, | § § | |
| Plaintiff, | § § | 2:06-CV-809-VPM |
| DON TERRY ASSOCIATES, | § § § | |
| Defendant. | § | |

## ANSWER

**COMES NOW** the Defendant Don Terry & Associates ("DTA Security"), by and through undersigned counsel, and hereby submits this Answer to the Plaintiff's Complaint. DTA Security asserts the following answers and defenses.

1.    Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

2.    Denied to the extent that the Plaintiff claims that she has met all administrative prerequisites. Admitted that the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a No-Cause Determination in response to the Plaintiff's charge against DTA Security. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

## PARTIES

3.    DTA Security is without sufficient information to admit or deny this statement. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

4.    Admitted[1].

---

[1] Defendant's true name is National Security of Alabama, Inc., d/b/a Don Terry & Associates.

## FACTS

5. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

6. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

7. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

8. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

9. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

10. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

## COUNT I

11. DTA reasserts its answers to Paragraphs 1-10 as if fully set forth herein.

12. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

13. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

**WHEREFORE, PREMISES CONSIDERED,** DTA Security has not committed any violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq* or any other

discriminatory or unlawful acts against the Plaintiff. Further, the Plaintiff is not entitled to any relief from this Court, including but not limited to, punitive and compensatory damages, attorneys fees and costs, and/or benefits and pay.

## COUNT II

14. DTA reasserts its answers to Paragraphs 1-10 as if fully set forth herein.

15. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

16. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

17. Denied. Further, DTA Security demands strict proof of the allegations set forth in this paragraph.

**WHEREFORE, PREMISES CONSIDERED,** DTA Security has not committed any violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq* or any other discriminatory or unlawful acts against the Plaintiff. Further, the Plaintiff is not entitled to any relief from this Court, including but not limited to, punitive and compensatory damages, attorneys fees and costs, and/or benefits and pay.

## AFFIRMATIVE DEFENSES

18. The Plaintiff has not stated a claim upon which relief can be granted.

19. The Plaintiff has not stated a *prima facie* case for Title VII sexual harassment or hostile work environment.

20. The Plaintiff has failed to name all proper defendant(s) to this action. The Plaintiff alleges that she was subjected to unwelcomed and uninvited sexual harassment by Sam King, yet he

has not been named as a defendant to this action.

21.  No actions of DTA Security have caused the Plaintiff to suffer any losses or damages.

22.  As to any alleged intentional wrongful conduct or conduct involving malice by an employee or agent of DTA Security, it is denied that DTA Security either: (1) knew or should have known of the unfitness of the agent and employed him or continued to employ him or used his services without proper instruction and with disregard to the rights or safety of others; (2) authorized the agent's alleged wrongful conduct; or (3) ratified the alleged wrongful conduct of the agent; nor were the alleged acts of the agent calculated to nor did they benefit DTA Security.

23.  Any actions of an agent or employee of DTA Security that were allegedly unlawful, as they relate to the Plaintiff were outside the line and scope of the agent or employee's agency or employment and were not ratified by DTA Security, nor did DTA Security receive any benefits therefrom.

24.  The Plaintiff's claims for punitive damages are due to be struck as sufficient facts are not pled to permit the Plaintiff to recover punitive damages.

25.  DTA Security denies that it is guilty of any conduct which entitles Plaintiff to recover punitive damages.

26.  Plaintiff can not recover for mental pain suffering, emotional distress, or similar damages.

27.  To the extent the claims asserted in this action are wholly without foundation or facts and are frivolous, DTA Security asserts that it is entitled to relief under this Court's inherent powers and any other rule, statute or case law that provides for an award of attorney's fees. DTA Security demands attorney's fee and costs.

28.	DTA Security reserves the right to amend these defenses at a later date.

		Respectfully Submitted,


		/H. Lewis Gillis
		**H. LEWIS GILLIS (GIL 011)**
		**RAMADANAH M. SALAAM-JONES (SAL 026)**

**OF COUNSEL:**

**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via this Court's electronic filing system on this the 28th day of September, 2006.


James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007
(205) 621-0301



		/ H. Lewis Gillis
		**OF COUNSEL**