IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN PRUITT, | § | |
| | § | |
| Plaintiff, | § | 2:06-CV-809-MHT-WC |
| | § | |
| DON TERRY ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO RECONSIDER EXTENDING DEADLINES

**COMES NOW** Don Terry and Associates, Defendant in the above-captioned matter, by and through its undersigned counsel, and moves this Court for Reconsideration of its May 8, 2007 Order denying Defendant's Motion to Extend Deadlines in this matter. Defendant states that the request for an extension of time is necessary because of unavoidable circumstances beyond Defendant's Control. Further, Defendant has previously discussed the necessity of the requested extension with Plaintiff's counsel and he has no opposition to the granting of this motion. As grounds for the motion, Defendant states as follows:

1.     Defendant has made reasonable efforts to obtain discovery in a timely manner, but Plaintiff, by and through her counsel of record, James V. Green, has repeatedly failed to cooperate and comply with the Federal Rules of Civil Procedure regarding Discovery and the Uniform Scheduling Order entered by this Court.

2.     Defendant requested Plaintiff's counsel to produce his client for deposition in a letter dated November 9, 2006. Mr. Green never responded to this communication and failed to return repeated phone calls requesting deposition dates.

3.     Defendant served a written request for Production for Documents and

Interrogatories upon Plaintiff on February 16, 2007.

4.     On February 26, 2007, Defendant served a Notice of Deposition for Plaintiff setting forth March 29, 2007 as the date for her appearance.

5.     On March 8, 2007, Mr. Green's secretary called to notify Defense counsel that Mr. Green would not be available on March 29th and the earliest alternative date that she could offer was April 25, 2007, nearly one month later than originally requested.

6.     Plaintiff unreasonably failed and/or refused to provide any response to Defendant's written discovery until Defendant was forced to serve a Notice of Motion to Compel on April 12, 2007.[1]

7.     Plaintiff's counsel contacted defendant for the first time upon receipt of this Notice and facing the possibility of sanctions for his unreasonable failure to cooperate with discovery, finally submitted Interrogatory responses and partial documents.

8.     On the morning of April 25, 2007, Mr. Green called Defense Counsel to report that he had a flat tire and would be unavailable for his client's deposition. Counsel is unable to re-schedule to depositions prior to the expiration of the deadline for filing dispositive motions in this matter on May 29, 2007.

9.     Plaintiff's refusal to timely respond to Defendant's reasonable discovery requests have substantially impaired Defendant's ability to defend itself against Plaintiff's claims and, if an extension of time is denied, will allow Plaintiff to shield herself from summary judgment because of her refusal to participate in discovery.

10.    Defense counsel has attempted to work these discovery issues out with plaintiff without getting the court involved, as we believe the court would desire. We now find ourselves in a situation where Plaintiff will benefit from its own delaying tactics. Defendant does not wish to move the trial date, we only ask that the deadline for filing any dispositive motions be

---

[1] A copy of the Notice of Motion to Compel and its supporting documentation are attached as Exhibit 1, hereto.

moved to accommodate the need to complete discovery in this case.

**WHEREFORE**, Defendant respectfully requests that this Court reconsider its denial of Defendant's Motion for an extension of time and enter an order extending the deadline for the filing of dispositive motions until forty days prior to the trial of this matter on October 1, 2007.

Dated this the 14th day of May, 2007.

Respectfully submitted,

__/s/ LaTasha A Meadows_____
**H. LEWIS GILLIS (GIL 011)**
**LATASHA A. MEADOWS (MEA 020)**
**RAMADANAH M. SALAAM-JONES (SAL 026)**

**OF COUNSEL:**

**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via this Court's electronic filing system on this the 14th day of May, 2007.

James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007
(205) 621-0301

__/s/ LaTasha A. Meadows_____
**OF COUNSEL**

# THOMAS, MEANS, GILLIS & SEAY, P.C.

*ATTORNEYS AND COUNSELORS AT LAW*
*ESTABLISHED IN 1981*

*WEBSITE: www.tmgslaw.com*

**Montgomery Office**
*Sender's Direct Dial:* (334) 213-4419
*Sender's E-mail Address:*
*kmtaylor@tmgslaw.com*

KENNETH L. THOMAS [1,3]
TYRONE C. MEANS [1,2,4]
H. LEWIS GILLIS [1]
QUINTON S. SEAY [2]
C. WADE ROBINSON [1]
EUGENE FELTON, JR. [2]
JACQUELINE C. SMOKE [1]
CHRISTOPHER K. WHITEHEAD [1]
LaTASHA A. MEADOWS [1]
FREDERIC A. BOLLING [1]
ROSLYN CREWS [1]
AFRIKA C. PARCHMAN [1]
CHRISTOPHER S. GENEREUX [1]
CHARLES JAMES, II [1]
APRIL W. ROBINSON [1]
RAMADANAH M. SALAAM-JONES [1]
KELVIN W. HOWARD [1]
CYNTHIANTHER L. MAY [1]

OF COUNSEL:

ROBERT SIMMS THOMPSON [1], P.C.
308 N. ELM STREET
TUSKEGEE, AL 36083

ADMITTED:
[1] ALABAMA
[2] GEORGIA
[3] DISTRICT OF COLUMBIA
[4] KANSAS

MONTGOMERY OFFICE:
3121 ZELDA COURT
P.O. DRAWER 5058
MONTGOMERY, AL 36103-5058
TELEPHONE: (334) 270-1033
FACSIMILE: (334) 260-9396

BIRMINGHAM OFFICE:
505 - 20TH STREET NORTH
SUITE #400 - FINANCIAL CENTER
P.O. DRAWER 11365
BIRMINGHAM, AL 35202-1365
TELEPHONE: (205) 328-7915
FACSIMILE: (205) 214-6160

ATLANTA OFFICE:
191 PEACHTREE STREET, N.E.
SUITE #3550
ATLANTA, GA 30303
TELEPHONE: (404) 222-8400
FACSIMILE: (404) 222-0080

LIVINGSTON OFFICE:
112 MARSHALL STREET
P.O. BOX 907
LIVINGSTON, AL 35470-0907
TELEPHONE: (205) 652-6106
FACSIMILE: (205) 652-2177

HAYNEVILLE OFFICE:
307 HAYNEVILLE PLAZA
HAYNEVILLE, AL 36040
TELEPHONE: (334) 548-5008
FACSIMILE: (334) 548-5010

April 12, 2007

James V. Green, Jr., Esq.
Attorney at Law
Post Office Box 878
Alabaster, AL 35007

       Re:    *Carolyn Pruitt v. Don Terry Associates*
               *Civil Action N o.: CV-809-VPM*
               *In the United States District Court for the Middle District*
               *of Alabama Northern Division*
               *Our File No.: 11399-003*

Dear Mr. Green:

    Please find enclosed a Notice of Motion to Compel Discovery Responses in the above-referenced matter. While I truly regret the necessity of seeking Court intervention to enforce the most basic and fundamental obligation of a party to participate in the discovery process, there is no viable alternative under the circumstances. Your client has provided no response to any discovery, we have never received a written response to any correspondence directed to you at your address of record, and you have failed and/or refused to respond to numerous telephone messages since the inception of this lawsuit.

    This lack of responsiveness and cooperation has severely prejudiced my client's ability to prepare a defense to your client's Complaint. Therefore, we are also asking the Court to tax all costs, including our attorneys' fees, incurred in the preparation, filing and presenting of this motion to the Court against you and/or your client.

    If your client has decided to abandon her claims, I respectfully request that you advise us of this intention and file a motion for voluntary dismissal at the earliest opportunity.

Very truly yours,

**THOMAS, MEANS, GILLIS & SEAY, P.C.**

LaTasha A. Meadows, Esq.
LAM/kmt

Defendant's Exhibit
1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN PRUITT, | § | |
| | § | |
| Plaintiff, | § | 2:06-CV-809-MHT-WC |
| | § | |
| DON TERRY ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF MOTION TO COMPEL DISCOVERY RESPONSES

TO:   Carolyn Pruitt
c/o James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007

PLEASE TAKE NOTICE that on April 19th, 2007 at 9:00 a.m., or as soon thereafter as counsel may be heard, Defendant, Don Terry and Associates, will move this Court for an Order compelling Plaintiff to answer the Interrogatories previously served upon her pursuant to Rule 33, Federal Rules of Civil Procedure and to produce the documents previously requested pursuant to Rule 34, Federal Rules of Civil Procedure. At that time and place, Defendants will further move the Court for an Order awarding to Defendant the costs reasonably incurred in obtaining an Order to Compel, including a reasonable attorney's fee.

This Motion is made upon the grounds that under the Federal Rules of Civil Procedure, Plaintiff is obligated to provide discovery in order to maintain her lawsuit. Defendants are entitled to receive the answers and inspect the requested documents in this case. Plaintiff is not justified in refusing to respond to this discovery and has thereby unnecessarily required Defendants to incur additional legal fees and costs to present this Motion to Compel. This Motion is based upon the Affidavit of Attorney LaTasha A. Meadows, the correspondence to Plaintiff's counsel of record, James V. Green and upon the pleadings in this case.

Dated this the 12th Day of April, 2007.

Respectfully submitted,

H. LEWIS GILLIS (GIL 011)
LATASHA A. MEADOWS (MEA 020)
RAMADANAH M. SALAAM-JONES (SAL 026)

OF COUNSEL:

THOMAS, MEANS, GILLIS & SEAY, P.C.
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via facsimile and U.S.P.S., first class mail, postage pre-paid on this the 12th day of April, 2007.

James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007
(205) 621-0301

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN PRUITT, | § | |
| | § | |
| Plaintiff, | § | 2:06-CV-809-MHT-WC |
| | § | |
| DON TERRY ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO COMPEL DISCOVERY RESPONSES

**COMES NOW** Don Terry and Associates, Defendant in the above-captioned matter, by and through its undersigned counsel, pursuant to Rule 37(a) and (d), Federal Rules of Civil Procedure, and moves this Court for an Order requiring Plaintiff, Carolyn Pruitt, to provide full and complete responses to Defendant's Interrogatories and to produce each of the documents requested in Defendant's Request for Production of Documents. As grounds therefore, Defendant states as follows:

1.    Defendant served a written request for Production for Documents upon Plaintiff on February 16, 2007, a copy of which is attached as Exhibit A.

2.    Defendant also served written Interrogatories upon Plaintiff on February 16, 2007, a copy of which is attached as Exhibit B.

3.    Plaintiff has willfully and without justification failed and/or refused to respond to Defendant's Discovery requests as required by Rules 33 and 34, Federal Rules of Civil Procedure.

4.    Numerous attempts to contact Plaintiff's counsel of record, James V. Green to resolve this issue without Court intervention have been unsuccessful because Attorney Green has never been available to accept any of defense counsel's telephone calls. Further, Plaintiff's counsel has refused to respond to any of the numerous telephone messages, left on his voice mail or with his secretary.[1]

5.    On April 2, 2007, Defense Counsel sent a letter to Plaintiff's counsel

---

[1] On Tuesday, April 10, 2007, Attorney James Green telephoned Defense counsel's office, but refused to hold so counsel's secretary could connect his call and did not leave a number where he could be reached.

reminding him of the overdue discovery, requesting the responses by April 9, 2007 and advising him of our intention to seek redress from the Court if Plaintiff remained unresponsive. A copy is attached as Exhibit C.

6.    Defendant served a Notice of Motion to Compel on April 12, 2007, notifying Plaintiff of its intention to seek an Order compelling Discovery and the imposition of sanctions against her. A copy of which is attached as Exhibit D.

7.    The Interrogatories and Request for Production contain relevant and material evidence or would lead to the discovery thereof in the above entitled action.

8.    Plaintiff's refusal to cooperate in discovery imposes a substantial hardship upon Defendant by impairing Defendant's ability to comply with the Court's Scheduling Order regarding, *inter alia*, dispositive motions, expert witnesses and discovery deadlines.

9.    These responses are necessary for Defendant to prepare for trial as indicated in the Affidavit of defense counsel, LaTasha A. Meadows, attached as Exhibit E to this Motion.

10.    Plaintiff's failure to respond to Discovery is completely unjustified and Defendant has incurred additional legal fees in an attempt to get Plaintiff to fulfill her obligation to comply with this Court's Rules in an action she voluntarily commenced.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order compelling Plaintiff to respond to discovery in this action and taxing all costs associated with the filing and presentment of this Motion to Compel against Plaintiff and/or her attorney.

Dated this the 19th Day of April, 2007.

Respectfully submitted,


**H. LEWIS GILLIS (GIL 011)**
**LATASHA A. MEADOWS (MEA 020)**
**RAMADANAH M. SALAAM-JONES (SAL 026)**

**OF COUNSEL:**

**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via this Court's electronic filing system on this the 19th day of April, 2007.

James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007
(205) 621-0301


_____

**OF COUNSEL**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **CAROLYN PRUITT,** | § | |
| | § | |
| **Plaintiff,** | § | **2:06-CV-809-VPM** |
| | § | |
| **DON TERRY ASSOCIATES,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF CAROLYN PRUITT

COMES NOW the Defendant, Don Terry & Associates, by and through its undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and serves the following Request for Production of Documents upon the Plaintiff, Carolyn Pruitt to be responded to within 30 days after the service of this request.

## INSTRUCTIONS

1.      You are required, in responding to this request to obtain and furnish all information available to you and any of you representatives, agents, brokers, servants or attorneys and to obtain and furnish all information that is in your possession or under your control or in the possession or under your control of any of your representatives, agents, brokers, servants or attorneys.

2.      Each request should be responded to separately, however a document which is the response to more than one request may, if the relevant portions are marked or indexed, be produced and referred to in a later response.

3.      All documents produced shall be separated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph in this request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents may be produced in such files, or in such a manner as

Defendant's Exhibit

A

to preserve and identify the file from which that document was taken rather than being segregated as defined above.

4.    If you object to part of any request, please furnish the documents responsive to the remainder of the request.

5.    Each request refers to all documents that are either known by the Plaintiff to exist or that can be located or discovered by reasonably diligent efforts of the Plaintiff.

6.    The documents produced in response to these requests shall include all attachments and enclosures.

7.    The documents requested for production include those in the possession, custody or control of Plaintiff, her agents, servants, representatives, or attorneys.

8.    All documents called for by this request or related to this request, for which the Plaintiff claims a privilege or statutory authority as a ground for non production shall be listed chronologically as follows:

    a.    The place, date and manner of recording or otherwise preparing the document;

    b.    The name and title of the sender;

    c.    The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the documents;

    d.    The identity and title of the person or persons supplying Plaintiffs attorney with the information requested above;

    e.    The identity of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication and the employer and title of said person at the time of said communication;

    f.    The type of document;

    g.    The subject matter of the document (without revealing the relevant information for which privilege or statutory authority is claimed); and

    h.    The factual and legal basis for the claim, privilege or specific statutory or regulatory authority which provides the claimed ground for non production.

9.     Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in or subject to directly or indirectly the control of the party to whom this request is addressed. In addition, each request should be construed as including a request for separate production of all copies and, to the extent applicable, preliminary drafts that differ in any respect from the original or final draft or from each other (for example, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

10.    All documents produced in response to this request shall be produced in total not withstanding the fact that portions thereof may contain information not requested.

11.    If any documents requested herein have been lost or destroyed the documents so lost or destroyed shall be identified by author, date and subject matter.

12.    Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used it should be indicated and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

13.    With respect to any document requested which was once in your possession, custody or control but no longer is, please indicate the date the document ceased to be in your possession, custody or control, the manner in which it ceased to be in your possession, custody and control and the name and address of its present custodian.

14.    Unless otherwise indicated, each request is to be construed to be as encompassing all documents which pertain to the stated subject matter and to events which transpired between July 1, 2005 up to and including the present time.

15.    Pursuant to Federal Rule of Civil Procedure 26(e), you are under a continuing duty to seasonably supplement this production with documents obtained or discovered subsequent to the preparation of filing of a response to each request.

16.    Production can be accomplished by mailing the documents within 30 days from service of these requests to Thomas, Means, Gillis & Seay, P.C., P.O. Drawer 5058, Montgomery, Alabama 36103-5058.

3

## DEFINITIONS

1.    "You", "Your", and "Yourself" refer to the party to whom the following requests are addressed and any agents, representatives or servants.

2.    "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of other organization or entity.

3.    "Identify" means when used in reference to:

    a.    A document, to state separately:

        1.    Its description,

        2.    Its date,

        3.    Its subject matter,

        4.    The identity of each author, signer and recipient,

        5.    Its present location and the identity of its custodian.

    b.    An oral statement, communication conference or conversation, to state separately

        1.    Its date and the place where it occurred,

        2.    Its substance,

        3.    The identity of each person participating in the communication or conversation,

        4.    The identity of all notes, memorandum or other documents memorialized and referring to or relating to the subject matter of the statement

    c.    A natural person or persons, to state separately

        1.    The full name of each such person,

        2.    His or her present or last known business address,

        3.    His or her present or last know residential address,

        4.    The employer of the person at the time to which this response is directed and the persons title or position at that time

    d.    An organization or entity other than the natural person, to state separately

        1.    The full name and type of organization or entity,

        2.    The date and state of organizational incorporation,

4

3.    The address of each of its principal places of business, and

4.    The nature of the business conducted

4.    "Communication" shall mean any transmission of information, the information transmitted and any process by which information is transmitted, and shall include written communications and oral communications.

5.    "Document" or "Documents" includes without limitation any written, typed, printed, recorded or graphic matter however preserved, produced or reproduced, of any type or description, regardless of origin or location including without limitation any binder, cover notes, certificate, letter, correspondence, minutes, memoranda, statements, notes, reports, record, table, chart, analysis, graph, drawing, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to inter-office and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgment, computer or data processing card, computer or data processing disk, computer generated matter, photograph, photograph negative, phonograph recording, transcript or log of any such recording, projection, video tape, film, micro fiche, microfilm, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, whether handwritten, typewritten, printed, copied, photographed, or otherwise reproduced, including computer or other form on which words, numbers, codes or symbols are found in your actual or constructive possession, custody or control or the existence of which you have knowledge and whether prepared , published or released by you or by any other person. If a document has been prepared and several copies or additional copies have been made or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical) each non-identical copy as a separate document.

6.    "Relating to" or "Related to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning,

pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

7.    "Claim" means a demand or assertion whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

8.    "Consulted" or "Contracted" means any form of communication, including, but not limited to oral statements, telephonic conversations or other mechanical communications or any other type of communications including written letters or documents.

9.    "Management" or "Manage" includes any act of directing, conducting, administering, controlling or handling an identified function or duty.

10.    "During the relevant time period" shall mean a period of five (5) years before and up to the date of occurrence alleged.

11.    "Any" shall also mean "All" and vice versa.

12.    "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

13.    All references to the singular include the plural.

14.    The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

## REQUESTS

1.    All correspondence, reports and other documents referring or relating to any communication that Plaintiff had with the Defendant, his/her employees or agents or to or from any other person, organization or association regarding the alleged acts of discrimination by the Defendant or its employees or agents.

2.    All documents relating in any way directly or indirectly to the event, circumstances, occurrences or conversations which in any way indicated to the Plaintiff that the Plaintiff was being discriminated against and/or harassed.

3.    All documents given or provided by the Defendant to the Plaintiff prior to, during and after employment with the Defendant.

4.    All documents that demonstrate the Plaintiffs communication with the Defendant regarding the alleged acts of discrimination and/or harassment.

5.    All certificates, licenses or special credentials held by the Plaintiff including the date of receipt and the name and address of the organization which awarded or conveyed each.

6.    All documents or records relating to application for any such certificate or license or special credential regardless of whether such certificate, license or special credential was actually granted to the Plaintiff.

7.    All records or documents of "on-the-job-training" that the Plaintiff has received including the date of such training experience and the name and address of each employer involved regardless of whether or not the Plaintiff successfully completed the program.

8.    All documents reflecting Plaintiffs total compensation for January 1, 1997 through the present time with a break down of compensation by amount from each employer or other source of compensation.

9.    All documents reflecting payment to the Plaintiff from unemployment compensation or workman's compensation for the period from January 1, 1997 through the present time including the amounts and sources of such compensation.

10.    All records and documents relating to the Plaintiffs employment and compensation after the termination of her employment with Defendant including dates, job classifications and rates of pay and total compensation for each year.

11.    Plaintiffs income tax returns for 1997 through 2007, both federal and state with attached schedules relating to income and expenses.

12.    All records and documents reflecting the Plaintiffs current net worth, indicating all assets and liabilities.

13.    The representation agreement between the Plaintiff and each attorney with whom the Plaintiff has entered into any representation agreement including any fee arrangement.

14.    Records and receipts for all costs the Plaintiff has paid to bring and maintain this legal action.

15.    Records and receipts for all costs for medical care, therapy or medications that the Plaintiff has required allegedly as a result of the conduct of the Defendant.

Respectfully submitted the 16th day of February, 2007.

H. LEWIS GILLIS (GIL 011)
LATASHA A. MEADOWS (MEA 020)
RAMADANAH M. SALAAM-JONES (SAL 026)

**OF COUNSEL:**

**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via this Court's electronic filing system on this the 16th day of February, 2007.

James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007
(205) 621-0301

OF COUNSEL

8

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN PRUITT, | § | |
| | § | |
| Plaintiff, | § | 2:06-CV-809-VPM |
| | § | |
| DON TERRY ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## TO THE PLAINTIFF CAROLYN PRUITT

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant, by and

through its undersigned counsel of record, hereby serves the following interrogatories to

be answered separately and fully in writing and under oath within thirty (30) days of the

date of service. Defendant further requests that if any interrogatory cannot be answered

fully, it be answered to the extent possible, with the reasons explained for not answering

more fully.

### DEFINITIONS AND INSTRUCTIONS

1.     These interrogatories are continuing in nature, you are required to amend

your initial answers in order to disclose additional information of which you may become

aware after the filing of your initial responses, including the identity and location of

persons having knowledge of discoverable matters, as well as, the identity of each person

you expect to call as an expert witness at trial, the subject matter on which he is expected

to testify, and the substance of his testimony.

2.     You are required, in responding to these interrogatories to obtain and

furnish all information available to you and any of you representatives, agents, brokers,

Defendant's Exhibit
B

servants or attorneys and to obtain and furnish all information that is in your possession or under your control or in the possession or under your control of any of your representatives, agents, brokers, servants or attorneys.

      3.      Where "knowledge" of a party is required, disclosure must be made of the full extent of such knowledge and the request includes knowledge of the party's agents, representatives, and unless privileged, his attorney.

      4.      The pronouns "you", "your", and "yourself" refer to the party to whom the following requests are addressed and any agents, representatives or servants.

      5.      "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of other organization or entity.

      6.      "Identify" means when used in reference to:

          a.      A document, to state separately:

                1.      Its description, including title,

                2.      Its date,

                3.      Its subject matter,

                4.      The identity of each author, signer, and recipient,

                5.      Its present location and the identity of its custodian,

                6.      A summary of the issues addressed and the purpose of thereof.

          b.      An oral statement, communication conference or conversation, to state separately:

                1.      Its date and the place where it occurred,

                2.      Its substance or a description of what was said,

                3.      The identity of each person participating in the communication or conversation,

                4.      The identity of each person present when the statement or communication was made,

       5.     The identity of all notes, memorandum or other documents memorialized and referring to or relating to the subject matter of the statement.

   c.   A natural person or persons, to state separately:

       1.     The full name of each such person,

       2.     His or her present or last known business address,

       3.     His or her present or last know residential address,

       4.     The employer of the person at the time to which this response is directed and the persons title or position at that time.

   d.   An organization or entity other than the natural person, to state separately

       1.     The full name and type of organization or entity,

       2.     The date and state of organizational incorporation,

       3.     The address of each of its principal places of business, and

       4.     The nature of the business conducted.

7.     Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrences mentioned or complained of in the pleadings.

8.     Whenever in these interrogatories there is a request to describe, identify, or explain an "act", "event", "incident", "instance", "transaction", "fact", "set of facts", or "the bases for", your response should include a statement or description referring to underlying, supporting facts rather than to ultimate facts or conclusions of law. Such response should include where appropriate, the date, location, and manner of each occurrence, and the identity of each person participating or engaging therein.

9.     In any instance where you object on privilege or attorney work product grounds to answering all or part of any interrogatory or request for production please identify: (a) in the case of documents, the nature of the document, the sender or author,

the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document; and (b) in the case of oral communications, the name, address, telephone number and organization of each person who participated in or is knowledgeable about the communication, the time, place and date of the communication, and a detailed description of the communication.

10.    If you claim that any interrogatory is objectionable for any other reason, in whole or part, please state the objection, explain its application to the particular interrogatory, and answer any portion of the interrogatory to which the objection does not apply.

11.    In each instance, where you deny knowledge or information sufficient to answer an interrogatory, please set forth the name, address and telephone number, of each person, if any, who is or is known by you to have such knowledge.

12.    "Document" or "Documents" includes without limitation any written, typed, printed, recorded or graphic matter however preserved, produced or reproduced, of any type or description, regardless of origin or location including without limitation any binder, cover notes, certificate, letter, correspondence, minutes, memoranda, statements, notes, reports, record, table, chart, analysis, graph, drawing, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to inter-office and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgment, computer or data processing card, computer

4

or data processing disk, computer generated matter, photograph, photograph negative, phonograph recording, transcript or log of any such recording, projection, video tape, film, micro fiche, microfilm, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, whether handwritten, typewritten, printed, copied, photographed, or otherwise reproduced, including computer or other form on which words, numbers, codes or symbols are found in your actual or constructive possession, custody or control or the existence of which you have knowledge and whether prepared, published or released by you or by any other person. If a document has been prepared and several copies or additional copies have been made or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical) produce each non-identical copy as a separate document.

13. "Statement" means (a) any oral or written communication signed or otherwise adopted or approved by the person making it, or (b) any stenographic, mechanical, electrical, digital or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

14. "Relating to" or "Related to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

5

15.    "Claim" means a demand or assertion whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

16.    "Consulted" or "Contracted" means any form of communication, including, but not limited to oral statements, telephonic conversations or other mechanical communications or any other type of communications including written letters or documents.

17.    "Management" or "Manage" includes any act of directing, conducting, administering, controlling or handling an identified function or duty.

18.    "Any" shall also mean "All" and vice versa.

19.    "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

20.    All references to the singular include the plural.

21.    The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.


## INTERROGATORIES

1.    Please state your full name and all nicknames or other names by which you are or have been known.

2.    Please state the address of your present residence and the length of time you have resided there.

3.    Please list the addresses of any other residences in which you lived during the past ten years and state the dates during which you resided there.

4.    Please describe each of your employment experiences during the past ten

years and specify

    a.    The name and address and principal business of each employer

    b.    The beginning and ending dates of employment

    c.    A description of any training or education received

    d.    Your reason for leaving the employment

5.    Do you allege or contend that you were sexually harassed in the

Defendant's workplace? If so,:

    a.    Please describe in detail each specific unwelcome and/or uninvited

       act, circumstance or condition that resulted in your harassment,

       including the date, time and place thereof.

    b.    Identify the individuals involved in or otherwise responsible for

       the act, specifying their participation

    c.    Identify each individual witness to the alleged act

6.    Please identify any person who has knowledge relating to the alleged

conduct.

7.    Please state the specific facts upon which you base your allegations and

contentions that Defendant maintains a sexually hostile work environment.

For each such fact, please state :

    a.    The date, time and place of each act

    b.    The identity of each person involved in or witnessing each act,

       including the specific details of their participation

8.  Please state in detail each and every specific fact upon which you base your allegations and contentions that Defendant failed to take reasonable and sufficient corrective actions to prevent sexual harassment. For each such fact, please state:

   a. Whether you filed a complaint through Defendant's complaint procedures.

   b. The date, time, and place you filed your complaint or grievance.

   c. A description of the complaint filed

   d. Identify the person who investigated the complaint or grievance for the Defendant.

   e. The result of the investigation

9.  Do you allege or contend that Defendant's policies, practices and requirements designed to prevent sexual harassment are ineffective? If so, please state with specificity each and every fact upon which you base your allegations and contentions.

10. Please state whether you have or are aware of any statements, writings or audiotapes made concerning this action or its subject matter. If so, for each such statement please provide the following information:

   a. The identity of the person making the statement or participating in the communication.

   b. The identity of each person present when the statement was made.

   c. A description of the substance of the statement or summary of what was said.

8

d.  The date each statement was made.

e.  The present or last known location of any writings, audiotapes or otherwise recorded statements.

f.  The identity of the person or persons having custody, control or possession thereof.

Respectfully submitted the 16th day of February, 2007.

**H. LEWIS GILLIS (GIL 011)**
**LATASHA A. MEADOWS (MEA 020)**
**RAMADANAH M. SALAAM-JONES (SAL 026)**

**OF COUNSEL:**

**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via this Court's electronic filing system on this the 16th day of February, 2007.

James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007
(205) 621-0301

**OF COUNSEL**

# THOMAS, MEANS, GILLIS & SEAY, P.C.

*ATTORNEYS AND COUNSELORS AT LAW*
*ESTABLISHED IN 1981*
*WEBSITE: www.tmgslaw.com*

*Montgomery Office*
*Sender's Direct Dial: (334) 213-4419*
*Sender's E-mail Address:*
*lameadows@tmgslaw.com*

KENNETH L. THOMAS [1,3]
TYRONE C. MEANS [1,2,4]
H. LEWIS GILLIS [1]
QUINTON S. SEAY [2]
C. WADE ROBINSON [1]
EUGENE FELTON, JR. [2]
JACQUELINE C. SMOKE [1]
CHRISTOPHER K. WHITEHEAD [1]
LATASHA A. MEADOWS [1]
FREDERIC A. BOLLING [1]
ROSLYN CREWS [1]
AFRIKA C. PARCHMAN [1]
CHRISTOPHER S. GENEREUX [1]
CHARLES JAMES, II [1]
APRIL W. ROBINSON [1]
RAMADANAH M. SALAAM-JONES [1]
KELVIN W. HOWARD [1]
CYNTHIANTHER L. MAY [1]

OF COUNSEL:

ROBERT SIMMS THOMPSON [1], P.C.
308 N. ELM STREET
TUSKEGEE, AL 36083

ADMITTED:
[1] ALABAMA
[2] GEORGIA
[3] DISTRICT OF COLUMBIA
[4] KANSAS

MONTGOMERY OFFICE:
3121 ZELDA COURT
P.O. DRAWER 5058
MONTGOMERY, AL 36103-5058
TELEPHONE: (334) 270-1033
FACSIMILE: (334) 260-9396

BIRMINGHAM OFFICE:
505 - 20TH STREET NORTH
SUITE #400 - FINANCIAL CENTER
P.O. DRAWER 11365
BIRMINGHAM, AL 35202-1365
TELEPHONE: (205) 328-7915
FACSIMILE: (205) 214-6160

ATLANTA OFFICE:
191 PEACHTREE STREET, N.E.
SUITE #3550
ATLANTA, GA 30303
TELEPHONE: (404) 222-8400
FACSIMILE: (404) 222-0080

LIVINGSTON OFFICE:
112 MARSHALL STREET
P.O. BOX 907
LIVINGSTON, AL 35470-0907
TELEPHONE: (205) 652-6106
FACSIMILE: (205) 652-2177

HAYNEVILLE OFFICE:
307 HAYNEVILLE PLAZA
HAYNEVILLE, AL 36040
TELEPHONE: (334) 548-5008
FACSIMILE: (334) 548-5010

April 2, 2007

James V. Green, Jr., Esq.
Attorney at Law
Post Office Box 878
Alabaster, AL 35007

        Re:    *Carolyn Pruitt v. Don Terry Associates*
              *Civil Action N o.: CV-809-VPM*
              *In the United States District Court for the Middle District*
              *of Alabama Northern Division*
              *Our File No.: 11399-003*

Dear Mr. Green:

        Defendant requested discovery from your client in the above referenced matter more than six weeks ago. Your client's responses were due on or about March 19, 2007. As of today's date we have not received your client's responses to our Interrogatories and Requests for Production. Indeed we have received no communication from you or your client since you filed this lawsuit, with the exception of a telephone call on March 8, 2007 from your secretary, Kimberly, informing me that Plaintiff would not appear for her deposition as noticed. I have left numerous telephone messages requesting that you contact me which have been completely ignored. Letters requesting your attention have also gone unanswered.

        In light of your unresponsiveness thus far, I have no alternative than to request that you immediately respond to the discovery that was served on February 16, 2007. Please submit your responses no later than April 9, 2007 or I will be required to bring your lack of responsiveness to the Court's attention.

        It is my hope that this matter can be resolved without involving the Court in this discovery dispute. I look forward to your cooperation.

Very truly yours,

THOMAS, MEANS, GILLIS & SEAY, P.C.

LaTasha A. Meadows, Esq.
LAM/kmt

Defendant's Exhibit

C

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN PRUITT, | § | |
| | § | |
| **Plaintiff,** | § | 2:06-CV-809-MHT-WC |
| | § | |
| DON TERRY ASSOCIATES, | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF MOTION TO COMPEL DISCOVERY RESPONSES

TO:    Carolyn Pruitt
c/o James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007

PLEASE TAKE NOTICE that on April 19th, 2007 at 9:00 a.m., or as soon thereafter as counsel may be heard, Defendant, Don Terry and Associates, will move this Court for an Order compelling Plaintiff to answer the Interrogatories previously served upon her pursuant to Rule 33, Federal Rules of Civil Procedure and to produce the documents previously requested pursuant to Rule 34, Federal Rules of Civil Procedure. At that time and place, Defendants will further move the Court for an Order awarding to Defendant the costs reasonably incurred in obtaining an Order to Compel, including a reasonable attorney's fee.

This Motion is made upon the grounds that under the Federal Rules of Civil Procedure, Plaintiff is obligated to provide discovery in order to maintain her lawsuit. Defendants are entitled to receive the answers and inspect the requested documents in this case. Plaintiff is not justified in refusing to respond to this discovery and has thereby unnecessarily required Defendants to incur additional legal fees and costs to present this Motion to Compel. This Motion is based upon the Affidavit of Attorney LaTasha A. Meadows, the correspondence to Plaintiff's counsel of record, James V. Green and upon the pleadings in this case.

Defendant's Exhibit

D

Dated this the 12th Day of April, 2007.

Respectfully submitted,

**H. LEWIS GILLIS (GIL 011)**
**LATASHA A. MEADOWS (MEA 020)**
**RAMADANAH M. SALAAM-JONES (SAL 026)**

**OF COUNSEL:**

**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via facsimile and U.S.P.S., first class mail, postage pre-paid on this the 12th day of April, 2007.

James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007
(205) 621-0301

**OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN PRUITT, | § | |
| | § | |
| Plaintiff, | § | 2:06-CV-809-MHT-WC |
| | § | |
| DON TERRY ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

STATE OF ALABAMA
COUNTY OF MONTGOMERY

### AFFIDAVIT OF LATASHA A. MEADOWS IN SUPPORT
### OF DEFENDANT'S MOTION TO COMPEL

LaTasha A. Meadows being duly sworn deposeth and says:

I am one of the attorneys for Defendant Don Terry and Associates in the above captioned matter and I am fully familiar with all the papers and proceedings in this action. I make this Affidavit in further support of Defendant's Motion to Compel Discovery, and in support of Defendant's request pursuant to Rule 37 (a)(4) for attorneys fees. The facts and circumstances leading to the filing of this Motion are as follows:

1.      Defendant served discovery requests to Plaintiff Carolyn Pruitt on February 16, 2007 in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure.[1] The Interrogatories and documents requested are material to the subject matter of this action. This discovery is required in order for Defendant to prepare an adequate defense to the allegations raised in Plaintiffs' Complaint.

2.      Pursuant to the Rules, Plaintiff's responses were due on or before March 19, 2007. Plaintiff has made no response whatsoever to Defendant's Interrogatories and Request for Production of Documents and her counsel has failed to return my telephone calls or to inform me of any reason why Plaintiff has refused to comply with the Defendant's request. Plaintiff can assert no reason why Defendant's are not entitled to any discovery in this matter.

3.      I have attempted to resolve this matter in good faith with Plaintiff's counsel with no success. I have made numerous telephone calls to Attorney James V. Green and have left numerous messages for him both on his voice mail and with his assistant, Kimberly. On April 2, 2007, I wrote to Mr. Green requesting that he provide me with responses to the outstanding discovery by April 9, 2007 and again received no

---

[1]   Copies of the Discovery Requests are attached as Exhibits A and B to the Motion to Compel.

Defendant's Exhibit

E

response.[2] Despite numerous attempts to contact Mr. Green, he has never been available to accept telephone calls from me or other attorneys in our firm, he has never responded to any letters written to him and has failed to make any good faith effort to comply with the Rules of Court.

4.    Attorney Green's sole attempt at communication with defense counsel is a telephone call placed on Tuesday, April 10, 2007. Although he called my office, he refused to hold while my assistant notified me he was on the line and connected his call. He did not provide a call back number and was unavailable to receive the return call I made to him less than one minute after he hung up the telephone.

5.    Defense counsel has spent approximately 10 hours preparing the Motion to Compel and the Affidavits and exhibits in support thereof. Preparing this Motion has therefore resulted in additional costs and expenses solely as a result of Plaintiff's refusal to abide by the Federal Rules of Civil Procedure.

Further Affiant saith not.


_____
LaTASHA A. MEADOWS (MEA020)
Attorney for Defendant


Sworn to and subscribed by me this the _____ day of April, 2007.


_____Notary Public

My Commission Expires: _____

---

[2] A copy of this letter is attached as Exhibit C to the Motion to Compel