IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CAROLYN PRUITT,** | § | |
| | § | |
| Plaintiff, | § | 2:06-CV-809-MHT-WC |
| | § | |
| **DON TERRY ASSOCIATES,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Don Terry Associates, Defendant in the above-captioned matter, by and through its undersigned counsel of record and hereby files its Motion for Summary Judgment as to each and every Count of Plaintiff's Complaint.

The undisputed material facts as established by the Discovery to date are:

Plaintiff, Carolyn Pruitt was employed by Defendant Don Terry and Associates from approximately July 18, 2005 through April, 2006. Ex. 1, EEOC Charge, dated April 12, 2006. On or about October 27, 2005, Sgt. Sam King (hereinafter "King") allegedly made sexually inappropriate remarks to Plaintiff while she was engaged in a cell-phone conversation with her boyfriend. Ex. 2, Affidavit of Sgt Barry Ross; Ex. 3, Statement of Carolyn Pruitt, dated March 2, 2006. Plaintiff's boyfriend was upset and threatening in response to the remarks and Plaintiff, upon inquiry by Sgt. Barry Ross, her supervisor, made an informal complaint about Sam King's remarks.[1] *Id*. Sgt. Ross told Plaintiff that he would "speak with Sgt. King about the incident" and, upon King's return to work, verbally counseled King regarding his conduct. Ex. 2, Ross

---

[1] Sgt. Barry Ross was not the appropriate and designated person to receive sexual harassment complaints under the Defendant's published policy.

Affidavit. Plaintiff stated to Sgt. Ross that she was satisfied with his verbal reprimand to King and declined to make a formal sexual harassment complaint in accordance with company policy. Ex. 2, Ross Affidavit.

According to Plaintiff's Responses to Interrogatories, she asked Lt. B.C. Cooper to "make Sgt King stop" playing with her hair, an incident Lt. Cooper allegedly witnessed. Ex. 3, Pruitt Statement. However, Plaintiff did not make a formal complaint of sexual harassment against Sgt. King at the time of this alleged incident in January 2006, nor did she inform Lt. Cooper that the incident he witnessed was more than an isolated occurrence. Plaintiff does not include this alleged incident in her formal harassment complaint on March 1, 2006. Plaintiff made no further complaints of sexual harassment, formal or otherwise, until on or about March 1, 2006. Ex. 2, Ross Affidavit, Ex. 3, Pruitt Statement.

On March 1, 2006, Plaintiff reported to Sergeants Barry Ross and Robert Wallace that King touched her on her buttocks several times. Ex. 4, Statement of Sgt. Robert Wallace, dated March 1, 2006. Sgt. Wallace reported the incident to Lt. Floyd Jones, the 3rd Shift Supervisor, for investigation as a formal complaint of sexual harassment. *Id*. On March 2, 2006, Plaintiff made her first formal sexual harassment complaint against King. *See*, Exh.3, Pruitt's statement.

Plaintiff's complaint was immediately investigated and King was disciplined for his improper and non-professional behavior. Ex. 5, Letter of Reprimand to King; Ex. 6, Memo from Major Madderra re Disciplinary Action, dated March 15, 2006. King received a written reprimand, a three-day suspension without pay and a loss of overtime privileges for one pay period. *Id*.

Plaintiff requested and was granted a transfer to part-time employment prior to the time

of the first alleged incident of harassment. Exh.7, Memo from Pruitt re Going on Part-Time Status, dated September 29, 2005. Sometime between March 2006 and April 2006, Lt. Jones notified four of its part-time security officers, including Plaintiff, that their hours would be reduced by one day (one shift). Exh.8, Memo from Lt. Jones, dated April 24, 2006. The reduction in hours was necessary to allow for a full-time position to be filled. *Id*.

As grounds for its Motion for Summary Judgment, Defendant states as follows:

1. Plaintiff has failed to establish a prima facie case of hostile work environment. To establish such a case, Plaintiff must prove (1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe and pervasive to alter the terms and conditions of her employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 582-83 (11th Cir. 2000). Plaintiff has not and cannot produce any evidence to support a finding that the alleged sexually harassing conduct was sufficiently severe and pervasive to alter the terms and conditions of her employment.

2. Further, Plaintiff has failed to establish a prima facie case of hostile work environment because Plaintiff has not and cannot produce any evidence to support a finding that the Defendant is liable for the alleged sexually harassing acts under *Williams v. Russell Corp.,* 218 F.Supp.2d 1283, 1294 (M.D. Ala 2002) (citations omitted).

3. Plaintiff has failed to produce any evidence to support a finding that Defendant is vicariously liable for the alleged sexually harassing acts under the theory of *respondeat superior* as required under *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1557 -58 (11th Cir.

1987).

    4.  Plaintiff has not and cannot produce sufficient evidence to support a finding that her work hours were reduced in retaliation for filing a sexual harassment complaint. Plaintiff has not and cannot produce any evidence to rebut Defendant's proffered nondiscriminatory reason, specifically that all part-time security officers were reduced one-day (one-shift) to allow Defendant to hire another full-time officer. Ex. 8, Lt. Jones Memo. Plaintiff's inability to produce any evidence to contradict Defendant's proffered reason means that no genuine issue remains to be tried under the retaliation claim and Defendant is therefore entitled to judgment as a matter of law. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). See also, *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dep't of Comty. Affairs v. Burdine,* 450 U.S. 248, 253-255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

    5.  It is undisputed that Defendant exercised reasonable care to prevent and promptly corrected all sexually harassing behavior Plaintiff reported. Plaintiff unreasonably failed and/or refused to comply with Defendant's established policy and report the alleged sexually harassing acts to appropriate supervisory personnel. Therefore, Defendant is not liable to Plaintiff for damages for caused by incidents where she failed to take advantage of the preventive or corrective opportunities provided by Defendant to avoid harm. *See, Madray v. Publix Supermarkets, Inc.,* 208 F.3d 1290 (11th Cir. 2000)

For the foregoing reasons, Defendant is entitled to judgment in its favor as to each and every count of Plaintiff's Complaint.

Dated this the 29th day of May, 2007.

                                              Respectfully submitted,

                                              /s/ LaTasha A. Meadows
                                              **H. LEWIS GILLIS (GIL001)**
                                              **LATASHA A. MEADOWS (MEA020)**
                                              **RAMADANAH S. JONES (SAL026)**

**OF COUNSEL:**

**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103-5058
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing has been served via electronic filing on this the 29th day of May, 2007.

James V. Green, Esq.
P.O. Box 878
Alabaster, Alabama 35007
(205) 621-0301

                                              /s/ LaTasha A. Meadows
                                              **OF COUNSEL**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2006-01940 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.)<br>Carolyn Pruitt | Home Phone No. (Incl Area Code)<br>(334) 207-0012 | Date of Birth<br>11-21-1967 |
|---|---|---|

Street Address: 548 Minosa, Union Springs, AL 36089

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>DON TERRY ASSOCIATES | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(334) 832-2222 |
|---|---|---|

Street Address: 1001 South Hull Street, Montgomery, AL 36104

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-27-2005   Latest: 03-29-2006
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment on July 18, 2005, as a Security Officer. Beginning on October 27, 2005, and continuing through March 1, 2006, I was subjected to sexual harassment by Sergeant Sam King. The harassment consisted of inappropriate verbal comments and physical contact of a sexual nature. I initially complained to my supervisor, Sergeant Barry Ross, around the latter part of October 2005, but it was useless. The harassment continued, so I complained to Lieutenant Floyd Jones who investigated the matter. Following the investigation they suspended Sergeant King for three days. However, they have since allowed him to work on his off days to make up for the time they suspended him. Before my complaints of sexual harassment, I was working three days a week. After my complaints they reduced my work days from three days to two days a week.

I believe I have been and continue to be discriminated against because of my sex, female, and in retaliation because I complained about a matter made unlawful under the Act.

RECEIVED
EEOC

BIRMINGHAM DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Apr 12, 2006 — Carolyn Pruitt
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Defendant's Exhibit
1

STATE OF ALABAMA )
)
MONTGOMERY COUNTY )

### AFFIDAVIT OF SGT. BARRY ROSSS

Before me, the undersigned Notary Public, on this day personally appeared Barry Ross, who being duly sworn on his oath deposed and stated as follows:

1. My name is Barry Ross. I am over the age of 19 years, of sound mind, and a resident of the State of Alabama.

2. I have personal knowledge of all facts set forth in this affidavit, and I am competent to testify as a witness regarding such facts.

3. I am currently employed with DTA Security also commonly known as Don Terry and Associates. DTA Security is an agency which supplies security personnel to various companies. DTA Security is structured as a para-military organization, and I am designated as Sergeant within the company.

4. As a part of my duties as Sergeant, I act as the immediate supervisor to several security officers. Carolyn Pruitt is a security officer under my supervision.

5. One night in October of 2005, I approached Officer Pruitt at her post and she stated to me, "I was on the cellphone and that stupid ass King (Sergeant Sam King) said something and my boyfriend heard it." I asked her to further explain and she told me, "That stupid ass mother fucker is talking about I sing so good it make a woman want to take off her clothes."

6. Officer Pruitt further informed me that she was worried that he boyfriend would come to the site and confront Sgt. King. I informed her that her boyfriend did not have the right

Defendant's Exhibit 2

to enter the site and that I would speak with Sgt. King about the incident.

7.  The following night, Officer Pruitt informed me that the situation with her boyfriend was over and that everything was okay.

8.  Once Sgt. King returned to work from his scheduled off days, I verbally counseled him regarding his conduct with Officer Pruitt.

9.  I did not inform management about this particular incident because Officer Pruitt did not indicate that she wanted to make a formal complaint and she stated that she was satisfied with my talk with Sgt. King.

10.  I am not aware of any other incidents between Officer Pruitt and Sgt. King from October 2005 until March 2006.

11.  On March 1, 2006, Officer Pruitt informed me and Sgt. R. Wallace that Sgt. King "touched her on her ass". Officer Pruitt's complaint was then forwarded to Lt. F.L. Jones.

12.  It is my understanding that Lt. Jones obtained witness statements regarding the incident and that Sgt. King was given a letter of reprimand and three days suspension without pay for his misconduct.

13.  I am not aware of any other incidents between Office Pruitt and Sgt. King from March 2006 to present.

**FURTHER AFFIANT SAITH NOT.**

_____
SGT. BARRY ROSS

**STATE OF ALABAMA**         )
                             )
**MONTGOMERY COUNTY**        )

2

I, the undersigned, a Notary Public, hereby certify that Sgt. Barry Ross, whose name is signed to the foregoing, who is known to me, acknowledged before me on this day that being informed of the contents of this Affidavit executed the same voluntarily on the day the same bears date.

Given under my hand and seal this 17th day of May, 2006.

_____
NOTARY PUBLIC

My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: May 22, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

3

STATEMENT

TO : Lieutenant F. L. Jones

FROM : S/O Carolyn Pruitt

SUBJECT : Complaint against Sergeant Sam King

DATE : March 2, 2006, 2350 hrs

I wish to file a complaint against Sergeant Sam King. He has been bothering me over the past few months. I have asked him to leave me alone, but it does no good. I have told him I don't like him playing with me like he does. It makes me feel uncomfortable. He still bothers me. I am asking for help to make him stop.

Here are examples of what he has been doing to me:

About three months ago was the first time Sergeant King approached me. This was at Entrance 3. I was working with Johnny Calloway. Sergeant King came up and said, "Ms. Pruitt, I want to see you naked. I want you to pull off your clothes and dance for me." I told him to get out of my face. I didn't play like that. My boyfriend was on the phone when he said this to me. He told me to tell Sergeant King if he wanted to see someone naked it was going to be him, because he was coming up here and whoop his ass.

I reported this to Sergeant Barry Ross. Sergeant Ross told me to call my boyfriend back and tell him he would handle Sergeant King, so he would not lose his job.

The next time was about two months ago. I was coming into the Roll Call room and Sergeant King and Lieutenant B. C. Cooper were there. Sergeant King put his hands in my hair and pulled at my hair. I told him to keep his hands out of my hair and stop playing with me. I asked Lieutenant Cooper to make him leave me alone.

Then a few weeks ago I was working at Glovis Alabama and Sergeant King worked over 4 hours on our shift. He stayed at my Post for half that time and would not leave me and go do his job.

Last night, March 1, 2006 I was walking from my car before work and Clarence Ellington called me over to Entrance 3. Sergeant King came up and asked if a truck driver who passed by was my husband. I told him it was none of his business. He then hit me on my butt with his hand. He was holding a bottle in that hand when he did it. I told him he was going to far when he touched my butt, but he did it again. I hit at him, telling him to stop before I slammed him. I started walking away to come in the building and he touched me on my butt again. That was when I made up my mind to tell on him and report this to Lieutenant Lloyd Jones, my supervisor.

Defendant's Exhibit 3

Page 2
Statement (Pruitt)
March 2, 2006

I went into the building and after Roll Call stopped Sergeant Ross and Sergeant Bob Wallace and told them I was tired of Sergeant King bothering me. They told me they would report my complaint to Lieutenant Jones. DTA did not allow those kinds of things.

A little while later I called Lieutenant Jones. He told me it would be investigated. Later he came by and talked at length about this and assured me it would be investigated.

In conclusion, I just want Sergeant King to leave me alone. Don't talk to me, joke with me or touch me. I don't even want to have to work with him.

This concludes my statement. March 3, 2006, 0025 hrs


**S/O CAROLYN PRUITT**

*Carolyn Pruitt* (signature)

March 1, 2006

## STATEMENT

TO:        Lt. F.L. Jones

FROM:   Sgt. Robert B. Wallace

SUBJECT:   Allegations by Security Officer Carolyn Pruitt

At approximately 2255 hours, 03/01/2006, Sgt. Barry Ross informed me that he was headed to the Administration building to brief S/O Rhonda Pruitt on her duties. Ross stated that S/O Carolyn Pruitt needed transportation to her post at Entrance #4. Ross and I met Pruitt outside the Security Building. As we were preparing to leave, S/O Pruitt stated to both of us that, "Sam's going to have to quit cuttin' up". Sgt. Ross asked her what she meant and she said, "Sam was out here with the cameras and all, and slapped me on the butt". Sgt. Ross said, "Do you mean Sgt. King?", and she said, "Yes".

I told her, "There won't be any days like that!", meaning that conduct of that nature would not be condoned. Sgt. Ross told her that he would have a talk with Sgt. King.

I then transported S/O Pruitt to her post at Entrance #4. During the trip, she did not mention the incident again.

On returning to the Security Building, I reported what she had said to you (Lt. F.L. Jones) and to Sgt. King's supervisor, Lt. W.E. Ferguson.

Signed: SGT. ROBERT B. WALLACE

Defendant's Exhibit 4

Memorandum for File                                                                 03/06/06

From: Lt. W.E. Ferguson

To: Sgt Sam King

Subject: Letter of Reprimand - Improper and Non-Professional Behavior

1. Sgt King, on March 1, 2006 I received a complaint that you touched a female Security Officer inappropriately. This memorandum is a formal Letter of Reprimand and will be placed in your file. The following information was provided to me regarding this allegation.

    A. On Match 1, 2006 at approximately 2230 hrs you were observed by another Security Officer touching S/O Carolyn Pruitt several times on her buttocks. According to a witness, after touching her once on the buttocks, and S/O Pruitt telling you not to touch her, you continued to touch her two more times.

    B. Additionally, several other incidents have occurred that would be considered improper and unprofessional behavior on your part towards S/O Pruitt. These incidents include a comment you made to S/O Pruitt regarding seeing her naked, asking her if she would dance for you. Not only was this over heard by another Security Officer, S/O Pruitt was speaking to her boyfriend on the cell phone and he made threats to come out to the plant to confront you about the comment. You also put your hands in S/O Pruitt's hair and had to be told by S/O Pruitt to stop playing with her. On one occasion when you worked overtime for 4 hours on 3rd shift, you spent 2 hours at Glovis of Alabama visiting with S/O Pruitt and had to be told by S/O Pruitt to leave. According to S/O Pruitt, she has made several statements to you about you action be unwanted.

2. Sgt King, you have been fully briefed on what constitutes improper and unprofessional behavior and your actions mentioned above will not be tolerated. You were recommended and promoted to Sgt because of your experience and sound judgment, but your actions displayed an obvious lapse of judgment. As a Sgt, you are held to higher standard and these actions will not be tolerated. From this point forward you will have no contact with S/O Pruitt other than in a professional environment. I am recommending that you not be allowed to work overtime on 3rd Shift when S/O Pruitt is working. I am also recommending a 3 day suspension for your actions. Any additional action will be determined by the DTA Site Security Director.

                                                    William Ferguson, Lt
                                                    2nd Shift Supervisor

I accept receipt of this reprimand which does not constitute guilt. I know I have the right to provide a written rebuttal to the aforementioned allegations.

_____    _____
Sam King, Sgt                                Date
2nd Shift

Cc: File
    Maj. Madderra

Defendant's Exhibit 5

Memorandum

To: Sergeant Sam M. King

From: Major R.C. Madderra  RCM

Subject: Disciplinary Action

Date: March 15, 2006

This memorandum is to formally notify you of the dates of your suspension. You will be shown on suspension (without pay) Monday March 20, 2006 through Wednesday March 22, 2006.

Additionally, your overtime privileges will be suspended for one (1) pay beginning Thursday March 23, 2006 through Wednesday April 5, 2006.


cc: Lt. W.E. Ferguson
    DTA
    File



By signing below I'm signifying that I have received a copy of this memorandum.

_____
Sergeant Sam M. King

Defendant's Exhibit
6

MEMORANDUM

TO             : Lieutenant F. L. Jones

FROM           : S/O C. Pruitt

SUBJECT        : Going on Part-Time status

DATE           : September 29, 2005

Lieutenant, I am formally requesting to go on Part-Time status beginning Thursday, October 13, 2005. I want to work Wednesday, Thursday and Friday each week. Please forward a copy to Lieutenant C. Williams. She and I have discussed this previously.

Thank you for your help with this matter.


S/O C. Pruitt

*Carolyn Pruitt*

cc file
   Lt. Wms

Defendant's Exhibit
7

RLM

MEMORANDUM

TO          : Major R. C. Madderra

FROM        : Lieutenant F. L. Jones

SUBJECT     : Attempt to give C. Pruitt additional hours

DATE        : April 24, 2006

It has been brought to my attention that S/O Carolyn Pruitt has complained that we took hours away from her as punishment for complaining on Sergeant King. This is incorrect. She was not singled out and this was not retaliation.

First off, hours were taken away from other Officers to include S/O D. Dubose, S/O G. Singleton, and S/O H. Wilson as well as S/O Pruitt. These were all part time workers. We reduced them by a day to allow for a full time slot to be filled.

On the day notification was made regarding reducing these S/O's hours. Something came up where we were short again on the schedule and they were asked to fill in where we had openings.

Since that time, I have gone to S/O Pruitt and requested that she take her Wednesday back on the schedule. S/O Pruitt has declined to do so. She told me that she actually likes working only 2 days per week and does not want to return to working 3 days here.

The removing of hours from her was in no way retaliation. She knows better than that.
I have actually bent over backwards to make sure that she knows that I am here if she needs anything. She has told me everything is fine with the exception of the day Sergeant Sam King dropped off her relief and she chose not to ride back with him and other arrangements were made for her relief.

For the record, S/O Pruitt is working 2 days a week by choice, her choice. Lieutenant C. Williams is aware of this as well. I notified her of Pruitt's response after I spoke with her.

LIEUTENANT F. L. JONES
3RD SHIFT CMDR.

CC file



Defendant's Exhibit 8